**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-07-398 |
| | § | |
| RAMON JAIMES BRITO, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTIONS TO COMPEL AND MOTIONS FOR EXPEDITED HEARINGS**

Pending before the Court are two motions filed by Defendant Ramon Jaimes Brito ("Jaimes"). (D.E. 245, 248.) In the first, he asks that the Court order his former attorney, Richard W. Rogers, III, to provide Jaimes with a complete copy of Jaimes' case file, at no cost to him. He specifically requests all discovery materials received by Rogers, all pre-trial and presentencing discovery exchanges, any and all written correspondence between Rogers and anyone else related to Jaimes, and any other "work notes, investigation notes and reports, witness interview notes and reports or other work product materials relevant to Defendant's case." (D.E. 245 at 1.) He also requests an "expedited hearing" on his motion. He explains that he needs those materials to timely prepare and file a motion pursuant to 28 U.S.C. § 2255. (D.E .245 at 2.)

In the second motion, he requests a Court order compelling the government to provide him, free of charge, with "true and correct copies of all F.R.Cr.P., Rule 16 discovery materials, [and] Brady and Jencks materials" in the case. He also requests that the Court

1

specifically require the Government to provide him with any and all correspondence between his attorney and the government relating to him and copies of "each and every pre-trial discovery request or other discovery correspondence" between him attorney and the government. (D.E. 248.)  Again, he states that the documents are required in order to file a motion pursuant to 28 U.S.C. § 2255.  (D.E. 248 at 2.)

As an initial matter, it is not clear that the documents sought by Jaimes exist, and the discovery materials, in particular, would not typically be part of the Clerk's file.  In any event, to the extent that Jaimes is requesting copies of documents at government expense, he has not shown he is entitled to them.  Notably, Jaimes has no active proceedings before this Court warranting the copying of transcripts or other documents at government expense.   The judgment in Jaimes' criminal case was entered on February 27, 2008, and he did not appeal. He has not yet filed a motion under 28 U.S.C. § 2255.

Assuming that Jaimes could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances.  See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976).  The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous.  28 U.S.C. § 753(f).

---

[1]  Jaimes has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition.  Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Jaimes is, in fact, indigent.

As noted, Jaimes does not have a pending suit before the Court.  Although he apparently seeks the transcripts in order to file a § 2255 motion, no such motion has yet been filed.    Accordingly, he fails to meet the statutory requirements for free transcripts or documents.  28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").  Similarly, he has no active proceedings that warrant the Court to order the United States to respond to what is essentially a discovery request.

Thus, Jaimes' motion to compel the government to provide him with copies of documents at government expense is DENIED WITHOUT PREJUDICE.  In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts.  The Court further notes that Jaimes is not precluded from filing a § 2255 motion merely because he does not have the documents he seeks.

If Jaimes is interested in paying for specific transcripts or documents in the Clerk's possession, he may contact the Clerk to request them.  To that end, the Clerk is directed to provide Jaimes with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts or to purchase copies of records.

As to Jaimes' request that the Court order his former attorney to provide documents, it is not clear from his motion whether Jaimes has made a direct request to his counsel for any portion of his file.  It is also unclear whether counsel is refusing to provide documents, or whether the documents Jaimes seeks exist or are in counsel's possession.  In the absence of

3

more information, the Court will not compel Jaimes' attorney to provide documents to him at this time.   Jaimes is encouraged to contact Mr. Rogers directly with his request. Additionally, the Clerk is directed to provide a copy of this order to Mr. Rogers.

## **CONCLUSION**

For the reasons set forth above, Jaimes' motions to compel (D.E. 245, 248) are DENIED WITHOUT PREJUDICE.  Additionally, the Clerk is directed to provide Jaimes with a copy of the docket sheet in his case, as well as instructions as to how to order copies of his transcripts or other records at his own expense.  Finally, the Clerk shall send a copy of this Order to Mr. Rogers.

ORDERED this 20th day of October, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE