IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-07-398 |
| | § | |
| RAMON JAIMES BRITO, | § | |
| Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER DENYING WITHOUT PREJUDICE
MOTION FOR COPIES AT GOVERNMENT EXPENSE**

Pending before the Court are two motions filed by Defendant Ramon Jaimes Brito ("Jaimes"). (D.E. 251, 252.) Both were referred to the undersigned on December 1, 2008. In the first, he asks that the Court provide to him at no cost copies of various documents in his criminal case. Specifically, he requests docket entries 71, 72, 120, 132, 133, 139, 140, 141, 162, 187, 188, and 205. He claims that he is indigent and explains that he needs the documents to "more fully address" the claims he intends to raise in a future motion pursuant to 28 U.S.C. § 2255. (D.E. 251 at 1.) The second filing is an application to proceed *in forma pauperis*, apparently presented in support of his claim that he is unable to pay the fees for the copies he desires. (D.E. 252.)

As noted by the District Court in its previous order addressing a similar request by Jaimes (see D.E. 249 at 2-3), an indigent defendant has a statutory right to free court documents only in particular circumstances. See 28 U.S.C. § 753(f) (addressing request for

transcripts); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts or documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Jaimes does not have a pending suit before the Court. Although he states that he wants the documents in order to file a § 2255 motion, no such motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts or documents. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). As he was previously informed by the District Court, he may renew his request for documents *after* filing his § 2255 motion. He is not precluded from filing such a motion merely because he does not have copies of the documents he seeks.

The undersigned additionally notes that several of the documents sought by Jaimes are currently under seal. The sealed documents requested by Jaimes are docket entries 162, 187, 188 and 205. Those documents will not be released by the Clerk absent a separate order by the Court unsealing them for some legitimate purpose. Jaimes will have to separately move the Court to unseal them if he wants copies of any sealed documents.

Finally, the undersigned further notes that the financial information provided by Jaimes does not support his claim that he is unable to afford the documents he seeks. Specifically, as of November 25, 2008, Jaimes had $391.07 in his prison account. This amount would be more than sufficient to afford the cost of the unsealed documents he seeks. The unsealed

documents total 36 pages. At ten cents per page, the current rate charged by the Clerk for these documents, the cost would be only $3.60. Accordingly, if he wants to obtain copies of the unsealed documents at his own expense, he should contact the Clerk to order them, providing payment in the amount of $3.60.

## CONCLUSION

For the foregoing reasons, Jaimes' motion to proceed *in forma pauperis* (D.E. 252) and motion requesting court documents at government expense (D.E. 251) are both DENIED WITHOUT PREJUDICE.

ORDERED this 9th day of December, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE