**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| V. § | CR. No. C-07-398 (1) | |
| § | C.A. No. C-09-40 | |
| RAMON JAIMES BRITO, § | | |
| Defendant/Movant. § | | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Movant Ramon Jaimes Brito's ("Brito") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and supplement, which was filed by and through counsel on March 3, 2009. (D.E. 257-258.)[1] The following day, counsel filed another § 2255 motion. (D.E. 259.) By Order entered March 11, 2009, the Court noted that the two motions differed slightly, although they appeared to have the same grounds for relief. (D.E. 260). The Court also noted that it was not clear whether counsel was attempting to file an amended motion, since he did not so title the second motion.[2] (D.E. 260 at 1.) In any event, the Court ordered the United States to respond to both motions. The United States filed two separate responses, first to the initial § 2255 motion (D.E. 262), and then to the

---

[1] Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-07-398.

[2] According to the United States, Movant's counsel advised that the two filings were intended to be identical filings and that any variation in the two was unintended. One was filed electronically and one physically.

amended motion. (D.E. 263.)  The Court has considered both of these responses.  To date, Brito has not filed a reply.

For the reasons set forth herein, Brito is not entitled to relief.  Accordingly, Brito's § 2255 motion is DENIED.  The Court also DENIES Brito a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

### A.    Facts of the Offense[3]

The charges against Brito arose from the investigation of a cocaine and methamphetamine trafficking organization that transported drugs from Mexico, to Brownsville, Texas, and onto locations further north including Houston, Chicago, North Carolina and Georgia.  Brito was the leader of the organization, and there were numerous drivers who transported loads for Brito.  At sentencing, he was held responsible for four seized loads of cocaine and/or methamphetamine.  Additionally, based on debriefings of numerous co-conspirators, Brito was held accountable for an additional thirty-three loads of cocaine.  These additional loads were estimated at 6.99 kilograms each because that was the smallest amount of cocaine in any of the seized loads.  (PSR at ¶ 57.)

---

[3] Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 57 of the Presentence Investigation Report ("PSR").

**B.     Criminal Proceedings**

On August 8, 2007, Brito was charged in a fifth redacted indictment along with a number of co-defendants. Brito was charged with one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (D.E. 71.) Brito was initially represented by appointed counsel, Robert M. Zamora, but later substituted retained counsel Richard W. Rogers, III. (D.E. 108, 109, 133, 138.) Mr. Rogers represented Brito at both his rearraignment and at sentencing.

On December 11, 2007, Brito pleaded guilty pursuant to a written plea agreement. (D.E. 135, 139.) In exchange for his guilty plea to Count 1, the United States agreed to recommend a sentence at the low end of the guideline range, and to recommend that he receive full credit for acceptance of responsibility. (D.E. 139 at ¶¶ 1-2.)

The Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 142.) The PSR found that Brito's base offense level was 38. (PSR at ¶ 62.) The PSR recommended a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(4) because the offense involved the importation of methamphetamine, as well as a four-level increase for Brito's leadership role. (PSR at ¶¶ 63-67.) With a three-level adjustment for acceptance of responsibility, his total offense level was 41. (PSR at ¶¶ 62-71.) This level, when coupled with his criminal history category of I (PSR at ¶¶ 75, 88), resulted in an advisory guideline range for the offense of 324 to 405 months. (PSR at ¶ 88.)

At sentencing, the United States recommended a sentence of 292 months, recommending a ten percent reduction because of Brito's willingness to testify against

certain co-defendants as to their roles in the offense. (D.E. 255, Sentencing Transcript ("S. Tr.") at 15-16.) Defense counsel requested a sentence of between 180 and 240 months. (S. Tr. at 17-19.)

The court ultimately imposed a sentence at the low end of the guideline range, 324 months. The Court explicitly determined that the assistance Brito he had offered was not substantial and did not entitle him to a sentence below the advisory guideline range. The Court indicated that it was taking into account his cooperation by sentencing him at the low end of the guidelines. (S. Tr. at 22.) The Court further indicated the reasons for its selection of Brito's sentence within the advisory guideline range:

> The Court has selected the bottom end of the guidelines in acknowledgment of this defendant's - - the way he disposed of this case by his plea of guilty, by the Government's recommendation. However, the Court finds that the guidelines adequately address - - advisory though they are – adequately address all of the sentencing factors. The greatest sentencing factor in this case, Title 18, Section 3553 is the circumstances and nature of this crime, and the circumstances and nature of this crime are an extensive cocaine smuggling operation and transportation operation over which this defendant was a leader. And it lasted many years, involved many people, and a great deal of drugs. All of those combined call for a sentence as reflected by the guidelines.

(S. Tr. at 23.) The Court also imposed a five-year supervised release term and a $100 special assessment. (Id.) Judgment was entered against Brito on February 27, 2008. (D.E. 204.)

Brito did not appeal. Both his first and his amended § 2255 motions were timely filed. (D.E. 257, 259.)

### III. MOVANT'S ALLEGATIONS

Brito's amended § 2255 motion lists three grounds for relief. all of which allege that Brito was received ineffective assistance of counsel at sentencing. In his first ground, Brito alleges that his defense counsel was ineffective for failing to present an objection to the Court on the total weight of the alleged drugs that were attributed to Brito as relevant conduct. (D.E. 259 at 5.) He argues that because most of the total weight was based not on seized loads, but on the debriefings of interested co-conspirators, counsel should have challenged the total amount.

In particular, Brito argues that counsel should have informed the Court that there were a large number of alleged transactions not corroborated by independent evidence. Brito states that this is particularly troubling because most of these came from the debriefing of Lloyd Dale Overbey, and it was only Overbey who was arrested with methamphetamines. He concludes that "we must question why no other informant mentions the transportation of methamphetamines." He also accuses Overbey of being a "possible drug addict" and paints information provided by Overbey as "patently unreliable and speculative at best." (D.E. 259 at 6.) According to Brito, counsel also should have objected to the introduction and reliance on information provided by co-conspirator Jose Alexander Granados-Vaquiz.

In his second ground for relief, Brito contends that trial counsel was ineffective for failing to file a sentencing memorandum informing the Court of the § 3553 factors that were relevant to the particular sentencing. He claims that the sentencing memorandum would have allowed counsel to present the arguments regarding the unreliability of the information by

co-conspirators, as well as to argue that the defendant's age and medical condition should result in a lesser sentence. (D.E. 259 at 7.)

Third, Brito argues that counsel was constitutionally ineffective for failing to set up additional opportunities for Brito to debrief prior to sentencing. (D.E. 259 at 8-9.)

## IV.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

### B.    Ineffective Assistance of Counsel At Sentencing

#### 1.    General Standards

An ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel,

a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

To establish prejudice as a result of an alleged error at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove of the two one prongs, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**2.      Sentencing Counsel's Alleged Failure to Object to the Weight of Drugs**

As noted, Brito's first allegation against his sentencing counsel is that counsel should have objected to the weight of the drugs attributed to him, on the grounds that many of the loads were based solely on the debriefings of interested co-conspirators who either were drug addicts or otherwise showed they were not credible. The seized loads attributed to Brito were:

7

- a load of 2.39 kilograms of methamphetamine and 10.96 kilograms of methamphetamine/ice seized on August 7, 2004;
- a load of 14.46 kilograms of cocaine seized on September 23, 2004;
- a load of 6.99 kilograms of cocaine seized on October 26, 2004; and
- a load of 7.9 kilograms of cocaine seized on February 15, 2006.

(PSR at ¶ 57.) Brito was also held accountable for an additional thirty-three loads of cocaine, which were estimated at 6.99 kilograms each. (Id.)

Defense counsel Rogers has provided an affidavit in response to Brito's § 2255 motion. He explains the reasoning behind the decision not to contest the weight of the drugs as follows:

> I also investigated the best course of action at the penalty stage. I determined through contacts with involved parties, including law enforcement, co-defendants' counsels, the prosecutor, Mr. Brito, and review of records and reports that the informant testimony cited in the PSI was capable of being produced at Mr. Brito's sentencing. Further, in the context of the case, and the court's involvement with other defendants' sentencing, it was determined that the presiding judge would find it credible, and to contest the weight of the drugs, or Mr. Brito's role, would be counterproductive because of Mr. Brito's goal of obtaining a substantial assistance reduction.
>
> Mr. Brito's goal at sentencing was to be in a position to obtain a substantial assistance reduction, when and if other unindicted conspirators were trageted and when at least one of the unapprehended indicted conspirators was brought before the court. Contesting what cooperating individuals said about Mr. Brito's role, in the face of no evidence to rebut their statements, would have hindered this approach.

(D.E. 262, Rogers Aff. at 1-2.)

When determining whether a tactical decision by counsel's was deficient, the Fifth Circuit has repeatedly admonished that attorneys should not be subjected to unrealistic standards. When reviewing a § 2255 motion, "the acuity of hindsight is not [the] proper lens." United States v. Faubion, 19 F.3d 226 (5th Cir. 1994). Indeed, as the Fifth Circuit has explained:

> Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." ... There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

United States v. Harris, 408 F.3d 186, 189 (5th Cir. 2005) (citations omitted). In this case, that deference due counsel's performance precludes relief for Brito. As discussed herein, he has wholly failed to overcome the "strong presumption" that his counsel's performance on this issue was reasonable.

As an initial matter, the Court recalls this case and the large number of persons involved and the large number of loads. Contrary to Brito's characterization in his § 2255 motion, it was not just Overbey's testimony that resulted in additional drug amounts being attributable to Brito. Instead, numerous co-conspirators identified Brito as the person for whom they were transporting loads of drugs. (See, e.g., PSR at ¶¶ 15, 47, 49, 51.) There was also other corroborating evidence regarding loads, such as hotel records of trips, and information concerning cars and to whom they were registered. Indeed, even in his statement accepting responsibility, Brito acknowledged that he participated in the conspiracy

9

by hiring persons to drive loads, paying drivers of drug loads for their services, speaking to drivers of drug loads by phone and instructing them where to go and what do in order to deliver the drugs.

Indeed, the overall the estimate of drugs given for the additional loads was likely low. For example, Overbey debriefed that he alone transported fifty loads of drugs on behalf of Brito, but Brito was held responsible for only 33 and that lower number also included trips admitted to by other co-conspirators, which included at least 18 loads. Moreover, the estimate of each load was probably lower than the amounts actually transported. The Court even questioned the Probation Office on this issue at sentencing, asking why a higher weight estimate per load was not used. (S. Tr. at 11.)

In short, there was substantial evidence of Brito's involvement in the numerous loads attributed to him, and the amount of drugs was likely under-estimated. Had counsel elected to challenge the amount of drugs, as Brito now claims he should have, it would have been inconsistent with the overall strategy set forth by counsel of working toward a substantial assistance reduction. Even though the Court ultimately declined to impose a non-guidelines sentence based on Brito's cooperation, Brito has not shown that counsel's decision was outside the broad range of reasonable assistance. The strategy was a sound one that should not be judged in hindsight. Brito has not shown his counsel was deficient. Accordingly, this claim fails.

### 3. Counsel's Failure to File a Sentencing Memorandum or Raise Other Objections

Brito's second allegation of ineffective assistance is that his counsel failed to file a sentencing memorandum with the Court prior to trial. In his § 2255 motion, Brito essentially argues that the failure to file a sentencing memorandum is per se ineffective assistance. (See D.E. 257 at 7.) There is no requirement before this Court, however, that a defendant file a written sentencing memorandum prior to sentencing. Aside from the objections to the weight of the drugs (discussed in the preceding section), the only objections Brito claims counsel should have made were in fact brought to the Court's attention at sentencing. Mr. Rogers argued for a sentence below the advisory guideline range, and, in doing so, repeatedly mentioned both Brito's age and his health. (S. Tr. at 16, 18-19.) He also discussed Brito's lack of criminal history, his lack of any history of violence, his problems with drug addiction and the fact that Brito was cooperating with authorities. (S. Tr. at 16-19, 21). The Court considered those arguments, but rejected them as grounds for imposing a lower sentence. Instead, the Court set forth the reasons why the § 3553(a) factors, in its view, warranted the imposed sentence. (See supra at 4 (Court's stated reasons for imposition of sentence).)

In sum, the Court finds nothing deficient in Rogers' failure to file a sentencing memorandum, and Brito has failed to show that he would have received a lesser sentence had counsel filed such a memorandum or raised additional unspecified arguments at sentencing. This claims fails.

### 4. Counsel's Failure to Arrange for Additional Debriefing Sessions Prior to Sentencing

Brito's final claim of ineffective assistance of counsel alleges that counsel was deficient for failing to arrange additional debriefing sessions prior to sentencing, and that this prejudiced him because he did not receive a substantial assistance reduction.

In response, Mr. Rogers avers that he and Brito met together with the DEA agent in charge of the investigation several times to gain a cooperation reduction, and that these "contacts were made before and after sentencing." (D.E. 262, Rogers Aff. at 3.) He further states that he "made numerous telephone calls and follow-up contacts with the investigator" and that his belief "is that everything that could be done was done" to obtain a substantial assistance reduction. (Id.)

Although Brito claims that additional debriefing sessions would have resulted in a reduction for substantial assistance, he does not explain what additional information he would have been able to provide or what difference it would have made. In any event, the Court does not find based on the record that there is more counsel could have done to obtain the benefit of substantial assistance. Mr. Rogers asked for a continuance of sentencing to pursue additional debriefing opportunities, but the Court overruled that request. (S. Tr. at 6 (request for continuance); id. at 21 (Court noting that it had overruled motion for continuance).) The United States moved for a downward departure based on substantial assistance, and that request was denied by the Court, insofar as it requested a sentence below the advisory guideline range. Quite simply, there is nothing in the record that would indicate

that additional debriefings would have convinced the Court that Brito's assistance warranted a downward departure. Accordingly, Brito has not shown prejudice and so this claim fails. For the foregoing reasons, Brito's § 2255 motion is DENIED in its entirety.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Brito has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[4]

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate

---

[4] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 Rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Brito's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Brito is not entitled to a COA as to any of his claims.

## V. CONCLUSION

For the aforementioned reasons, Brito's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 257, 259) is DENIED. Additionally, Brito is DENIED a Certificate of Appealability.

It is so ORDERED this 20th day of November, 2009.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

14